IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER JACOB,

               Plaintiff,               ORDER

   v.

                                     17-cv-196-wmc

DR. SULIENE,

               Defendant.

     This case is scheduled for trial on August 23, 2021, on plaintiff Christopher Jacob's claim that Dr. Dalia Suliene violated his rights under the Eighth Amendment by prescribing Jacob a type of NSAID Salsalate in April and May 2012, knowing that Jacob had reported having a serious past adverse reaction to that medication in the past. Two housekeeping matters are before the court: (1) plaintiff's requests for the court to issue trial subpoenas for two witnesses (dkts. ##63, 64); and (2) his request for an order directing defendant to provide him with any written or recorded statement or notes from defense counsel's discussion with Officer Rhode, a witness whom the state has agreed will testify voluntarily. (Dkt. #61.) For the reasons that follow, the court will deny both requests.

     The first witness that plaintiff wants to subpoena is former HSU Manager Karen Anderson. Plaintiff wants to call Anderson to testify about her communications with and treatment of plaintiff before his adverse reaction to Salsalate on June 15, 2012, as well as authenticate certain HSU records at trial. However, as discussed in the summary judgment order (dkt. #52, at 21), Anderson's involvement in plaintiff's medical treatment related to his Salsalate intolerance was limited to forwarding a May 7, 2012, letter authored by

plaintiff to Dr. Suliene, who acknowledged receiving it. Thus, Anderson's testimony at trial is not necessary to authenticate the letter or to establish that Dr. Suliene received it. Insofar as there may be other communications before June 15, 2012, between plaintiff and Anderson of which the court is not aware, plaintiff has yet to provide enough information to assess their relevance to the limited issues left to be tried in this case.

The second witness that plaintiff wants to subpoena is Lon Becher, who served as the Reviewing Authority for plaintiff's inmate grievance about his adverse reaction to Salsalate on June 15, 2012. Plaintiff claims Becher can testify about "what information was relied upon when [he] overturned the original Inmate Complaint Examiner's decision" and affirmed plaintiff's inmate complaint. (Dkt. #64.) However, this information is also not relevant to plaintiff's claims against Dr. Suliene. In affirming plaintiff's complaint, Becher addressed only the nursing staff's lack of responsiveness to reports that plaintiff was having an adverse reaction to Salsalate on June 15, 2012; he did not reach any conclusions about Dr. Suliene's decision to prescribe the medication in the first place, which is the only issue remaining to be tried. *See* SJ Ord. (dkt. #52) 8. Moreover, any opinion that Becher might have on the propriety of Dr. Suliene's decisions is irrelevant, just as the fact of plaintiff's grievance or its disposition. Accordingly, the court is denying this request.

Finally, plaintiff is not entitled to recordings or notes taken by defense counsel of their discussion with Officer Rhode. Not only is this information work product, but as reported by defendant, Officer Rhode does not have any independent recollection of plaintiff's symptoms on June 15, 2012, but is only able to testify regarding a logbook entry

2

from that date. (Dkt. #60.) Given this disclosure, defendant's affirmative use of Rhode's testimony will also be so limited. Moreover, consistent with that disclosure, it is also doubtful that any recorded statement from Officer Rhode exists or that it would be helpful to plaintiff. Certainly, plaintiff is free to question Rhode should he testify and ask questions about what he recalls as to his interactions with plaintiff on that day, but he has not shown any substantial need for defendant's work product, if even it exists and were discoverable, nor would it necessarily be wise to open a door that defendant has effectively closed.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Petitions for Witness Subpoenas for Karen Anderson (dkt. #63) and Lon Becher (dkt. #64) are DENIED; and

2. Plaintiff's motion for disclosure of Jason Rhode's Statement (dkt. #61) is DENIED.

Entered this 27th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge