IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER JACOB,

            Plaintiff,            OPINION AND ORDER

v.

                                  17-cv-196-wmc

DR. DALIA SULIENE,

            Defendant.

---

*Pro se* plaintiff Christopher Jacob is proceeding to trial on his claim that Dr. Dalia Suliene violated his Eighth Amendment rights in April and May 2012 by prescribing Salsalate for plaintiff's back pain despite knowing he was allergic to that medication. In advance of the final pretrial videoconference ("FPTC") to be held on August 18, 2021, the court issues the following opinion and order addressing the parties' motions *in limine* and related matters, as well as circulating proposed orientation remarks, voir dire, jury instructions and a special verdict.

OPINION

I.    **Plaintiff's Motion in Limine (dkt. #77)**

Plaintiff seeks three MIL orders from this court. *First*, he seeks to exclude any reference to the nature or identity of his convictions. This motion is GRANTED. However, as discussed below, the defendant will be permitted to ask the question: "You have been convicted of six felonies, correct?" If the plaintiff answers, "yes," then defense counsel will be allowed no further questions on that topic. If he denies any of those convictions, the plaintiff will have "opened the door" to more detailed questioning.

*Second*, plaintiff seeks permission to present evidence of his mental and emotional pain between the time he first sought treatment from Dr. Suliene on April 17, 2012, and the time he had an adverse reaction to the Salsalate on June 15, 2012. Defendant objects to this request, arguing that Jacob is not entitled to any compensatory damages related to emotional injury that predate his alleged physical injury on June 15, 2012, because the PLRA prohibits recovery of damages "without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, the Seventh Circuit has recognized that § 1997e(e) bars recovery of compensatory damages for mental and emotional injuries suffered absent a corresponding physical injury. *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003). Although defendant concedes that Jacob's alleged adverse reaction to Salsalate constitutes a physical injury, she argues that Jacob cannot recover damages for mental or emotional injuries in connection with her decision to prescribe the medication because those alleged injuries *preceded* his physical injury on June 15. In other words, defendant reads the "prior showing" requirement as meaning that an emotional or mental injury must stem *from* a physical injury (*i.e.*, that the prisoner must establish a physical injury that resulted in emotional or mental harm).

However, defendant fails to support her argument with any persuasive authority. In particular, *Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374, 376 (7th Cir. 2000), is not helpful because the temporal relationship between emotional and physical injury was not at issue; indeed, the prisoner in that case had *no* physical injuries at all. Similarly, the language of the statute is far from plain: whereas it *could* mean that any emotional injury must be the direct result of a physical injury, it could also "simply mean that the plaintiff

2

must show some physical injury before he can recover damages for mental or emotional harm." *Bustos v. United States*, No. 08-CV-00153-LTB-MEH, 2010 WL 4256182, at *4 (D. Colo. Oct. 21, 2010), report and recommendation adopted, No. 08-CV-00153-LTB-MEH, 2010 WL 5157325 (D. Colo. Dec. 14, 2010) (citing *Zehner v. Trigg*, 952 F. Supp. 1318, 1323 n. 3 (S.D. Ind. 1997)). Absent more persuasive authority -- and because defendant concedes plaintiff sustained physical injury on June 15, 2012, as a result of taking the Salsalate prescribed by Dr. Suliene -- the court will allow plaintiff to present evidence of the mental distress he suffered between April 17 and June 15, 2012. The court will further allow plaintiff to present evidence of his physical pain during this time period, at least insofar as it affected his decision whether to take the Salsalate as prescribed and contributed to his emotional distress. As defendant points out, however, this court dismissed plaintiff's claim that Dr. Suliene acted unreasonably in treating his back pain in any other respect *except for her decision to prescribe Salsalate*, so the mere fact that plaintiff suffered back pain is not in itself a physical injury for which he can recover. With that caveat, plaintiff's Motion in Limine #2 is GRANTED.

*Third*, plaintiff seeks permission to question defendant about "prior deliberate indifference grievances" that resulted in an adverse outcome. Defendant objects to this request, arguing that: (1) plaintiff has not identified what evidence of this sort he seeks to introduce; and (2) even if he had, evidence of other inmate grievances is not relevant, unduly prejudicial, and barred by Rule 404(b). Generally speaking, evidence of other inmate grievances is inadmissible *unless* it meets the Seventh Circuit's four-part test to determine whether "other acts" evidence is admissible under Rule 404:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2011).

Under this test, the only potentially admissible evidence of this nature would be an *affirmed* inmate complaint finding that defendant prescribed medication for an inmate having reason to know he might be allergic or intolerant to it.  Given the *possibility* that Jacob may be able to come forward with evidence of this kind that satisfies the four requirements for admissibility under Rule 404(b), the court will RESERVE on whether Jacob is completely precluded from admitting evidence of *any* inmate complaints in which Dr. Suliene was found to have prescribed a medication for an inmate having reason to know he might be allergic or intolerant to it.  At the final pretrial conference, Jacob will be given one last opportunity to make a specific proffer as to other, affirmed inmate complaints finding defendant Suliene acted with deliberate indifference under circumstances similar to that here *and* relevant to show motive, intent, preparation, plan, absence of mistake, or lack of accident under Rule 404(b).  Failing that, all such evidence will be excluded.

II.  **Defendant's Motion in Limine (dkt. #74)**

Defendant seeks seven MIL orders from this court.  *First*, mirroring plaintiff's third motion in limine, defendant seeks to *exclude* both references to other legal proceedings

4

involving her and any inmate complaints against her, except those related to this case. As with plaintiff's converse motion, defendant's motion concerning other inmate complaints is RESERVED until the final pretrial conference. As for other legal proceedings, this part of defendant's motion is GRANTED, insofar as defendant represents that there is no known judgment against her in lawsuits involving prison inmates.

*Second*, defendant asks the court to exclude details of any other lawsuits against the Wisconsin Department of Corrections or its current or former employees, citing Federal Rules of Evidence 403 and 404(b). Jacob does not object to this request, and so, it is GRANTED as well.

*Third*, while conceding that Jacob may testify about his own perception of his physical and mental health before and after the incident, defendant seeks to exclude any argument, questions, testimony or evidence regarding the causation of physical injury, permanence, future care and treatment, or future pain and suffering. Since Jacob does not object to this motion, it, too, is GRANTED. The court will review the implication of this ruling for plaintiff at the final pretrial conference.

*Fourth*, defendant seeks an order allowing her to impeach Jacob during cross-examination with *one* question about his criminal convictions under Federal Rule of Evidence 609(a)(1)(A). In particular, Jacob was convicted of six crimes punishable by imprisonment for more than one year, and it has not been 10 years since he was released from confinement for these convictions. (*See* Def.'s MIL #4 (dkt. #74) 6.) As noted above with respect to plaintiff's first motion in limine, defendant seeks to ask the following question: "You have been convicted of six felonies, correct?" Since Jacob does not object

5

to this motion and the question counsel seeks to ask is not unduly prejudicial, this motion will also be GRANTED.

*Fifth,* defendant seeks to exclude evidence of the other incidents and claims dismissed at summary judgment, effectively limiting plaintiff's claim for damages to his injury from his alleged allergic reaction on June 15, 2012.  In particular, the court granted summary judgment with respect to Jacob's deliberate indifference claims against Health Services Manager Karen Anderson and to his claims that both Anderson and Dr. Suliene failed to treat his back pain adequately, the sole exception being Dr. Suliene's decision to prescribe Salsalate.  The court agrees that argument or evidence concerning Anderson's actions or inactions or Dr. Suliene's actions or inactions with respect to Jacob's back pain are not relevant except with respect to the decision to prescribe Salsalate.  The questions before the jury are whether:  (1) plaintiff previously took Salsalate and reacted adversely to it; and (2) whether Dr. Suliene knew or should have known this before prescribing it again.  For this same reason, the court agrees that plaintiff's claim for damages is limited to injuries he suffered directly from his alleged allergic reaction to the Salsalate on June 15, 2012, with the possible exception of related emotional injuries discussed above.  Plaintiff shall limit his questions and evidence accordingly.  Accordingly, defendant's fifth motion in limine is GRANTED IN PART and DENIED IN PART as follows:  Jacob may not introduce evidence of claims or damages unrelated to defendant's prescription of Salsalate and any claims of the emotional damages he suffered must be related to those allegedly caused by defendant's prescription of Salsalate between April 17 and June 15, 2012.

*Sixth*, defendant seeks an order prohibiting any argument that the Health Services Unit has a policy under which it declines to further treat a medical condition if the inmate refuses treatment related to that condition. Plaintiff does not object to this motion and has not produced evidence that such a policy exists. Accordingly, the motion is GRANTED.

*Seventh*, and finally, defendant seeks an order prohibiting any reference to settlement discussions as provided in Fed. R. Evid. 408. As this is the general effect of Rule 408 *and* plaintiff does not object to application of that rule, defendant's seventh motion in limine is GRANTED.

## II.   Voir Dire, Jury Instructions and Special Verdict

Attached to this order are the court's proposed voir dire, jury instructions and special verdict form. The court anticipates that the trial will not be bifurcated. The court will discuss these materials with the parties during the final pretrial conference.

## III.   Exhibits

Defendant disclosed 11 exhibits: Ex. 502 is a logbook entry from Jacob's housing unit and the remainder are Jacob's HSU records. While Jacob did not object to any of defendant's proposed exhibits, he did disclose 35 proposed exhibits of his own. Defendant does not object to Exhs. 2-8, 13-14, 16-19, 34-35, although she correctly notes that Jacob will need to submit clean copies without highlighting. Moreover, some of these duplicate defendant's proposed exhibits, which can be addressed at the final pretrial conference as

necessary.

However, defendant does object to Jacob's remaining exhibits on relevance grounds. The court agrees that events occurring after July 2012 are not relevant to the central liability question: whether Dr. Suliene knew plaintiff had an allergy to Salsalate yet prescribed it anyway in April 2012. Accordingly, plaintiff's Exhibits 15 and 20 will *not* be admitted.

Likewise, neither plaintiff's inmate complaint about HSU staff's response to his poor reaction to Salsalate on June 15, 2012, nor DOC Policy 500, which addresses the reporting of medical issues to on-call nursing staff, appear relevant to Dr. Suliene's decision to prescribe Salsalate in the first place, making exhibits 9-12 and 21-32 inadmissible.

Finally, plaintiff's Exhibit 1 is a blank Health Services Request and Exhibit 33 does not contain an incident report from the June 15, 2012, alleged reaction. Accordingly, the court will RESERVE ruling on these exhibits to allow Jacob to explain at the pretrial conference how they are relevant to Dr. Suliene's decision to prescribe Salsalate in April 2012, if at all. Of course, plaintiff will have an opportunity to address and seek reconsideration of these rulings at the final pretrial conference.

IV.   **Witnesses**

The defense intends to call only the plaintiff (adversely) and Dr. Suliene, although reserves the right to call Correctional Officer Jason Rhode, HSU Manager Keith Johnson, Assistant HSU Manager Dawn Fofana, as well as DOJ Litigation Coordinator Rae Boyer for document authentication only.

Jacob seeks to call himself, as well as Dr. Suliene and Officer Rhode adversely. Although he also disclosed Karen Anderson and Lon Becher, this court previously denied his request for subpoenas, finding plaintiff failed to show that either of these witness's proposed testimony is relevant to the limited issue remaining to be tried in this case. (Dkt. #75.)

ORDER

IT IS ORDERED that:

1. Plaintiff's motion in limine (dkt. #77) is GRANTED IN PART and RESERVED in part as set forth above; and

2. Defendant's motion in limine (dkt. #74) is GRANTED IN PART and RESERVED in part as set forth above.

Entered this 16th day of August, 2021.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge